**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**TORIAN GAITHER,**

       **Petitioner,**

   **v.**                                      **Civil Action No. 3:26cv742**

**COMMONWEALTH,**

       **Respondent.**

## MEMORANDUM OPINION

Torian Gaither, a Virginia inmate proceeding *pro se* has filed a "Motion to Strike the Evidence" ("Motion to Strike," ECF No. 1), a "Motion to Vacate Judgment or Grant New Trial" ("Motion to Vacate," ECF No. 2), and a "Motion for New Trial After Final Judgment on Grounds of After Discovered Evidence" ("Motion for New Trial," ECF No. 3).[1] All three of these motions list the case number "CR11-321," challenge a judgment purportedly entered on November 14, 2011, and very clearly attack state convictions. (ECF No. 1, at 1; ECF No. 2, at 1; ECF No. 3, at 1.)[2] Although Gaither is vague in identifying the conviction and sentence he attacks, it is obvious from the case number he identifies and from his previous filings in this Court that he is once again attacking his state conviction and his sentence of life plus thirty years for first-degree murder, burglary, conspire to rob, conspire to commit burglary, and robbery in 2012, in the Circuit Court for the City of Hampton, Virginia ("Circuit Court"). *See Gaither v. Zook*, No. 3:16CV64, 2017 WL 561809, at *1–7 (E.D. Va. Feb. 2, 2027), *Amended R & R*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization in Gaither's submissions.

[2] Although Gaither placed his state criminal number on each submission, he clearly intended to file in this Court as the header states: "UNITED STATES DISTRICT COURTS IN THE EASTERN DISTRICT OF VIRGINIA."

*adopted*, 2017 WL 562419 (E.D. Va. Jan. 18, 2017). The Court has previously denied Gaither's

28 U.S.C. § 2254 petition attacking these convictions. *See id.* Therefore, for the reasons set

forth below, each motion is a successive and unauthorized § 2254 petition.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of

the district courts to hear second or successive applications for federal habeas corpus relief by

prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping

mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted).

Specifically, "[b]efore a second or successive application permitted by this section is filed in the

district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Gaither

cannot avoid that result by simply omitting reference to 28 U.S.C. § 2254 in his submission. *See*

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (emphasizing that inmates may not

circumvent the limitations on successive petitions simply by inventive labeling); *United States v.*

*Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). "Call it a motion for a new trial, arrest of

judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias,

habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the

name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (*citing*

*Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

In the Motion to Strike, Gaither essentially contends that the evidence was insufficient to

convict him. (ECF No. 1, at 1–2.) In the Motion to Vacate, Gaither argues that his trial counsel

was ineffective for several reasons, that the Commonwealth failed to "sustain [its]burden of

proving Defendant committed homicide of any kind," and that the trial judge deviated from the

sentencing guidelines. (ECF No. 2, at 1–3.) In the Motion for New Trial, Gaither argues that the

indictment for murder lacked "essential elements" and that there was insufficient evidence to

convict him. (ECF No. 2, at 2.) Gaither's current motions arguing that insufficient evidence existed to convict him, that counsel was ineffective, and his sentence was improper, fall squarely within the ambit of 28 U.S.C. 2254(a). *See Smith v. Virginia*, Nos. 3:12CV148 (REP), 3:15CV182, 2015 WL 1401677, at *1 (E.D. Va. Mar. 25, 2015) (explaining that a motion is "a successive 'habeas corpus application' if it 'seeks vindication' of a 'claim' for relief from the criminal judgment, regardless of the title on the motion" (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530–32 (2005))). The Court has not received authorization from the United States Court of Appeals for the Fourth Circuit to file the three § 2254 petitions. Therefore, the Motion to Strike (ECF No. 1), the Motion to Vacate (ECF No. 2), and the Motion for New Trial (ECF No. 3) are each successive and unauthorized § 2254 petitions. The Clerk will be DIRECTED to assign the Motion to Vacate (ECF No. 2) and the Motion for New Trial (ECF No. 3) separate civil action numbers. The action will be DISMISSED WITHOUT PREJUDICE for want of jurisdiction.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because Gaither fails to satisfy this standard, a certificate of appealability will be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 8/12/26
Richmond, Virginia

/s/ M. Hannah Lauck
Chief United States District Judge

3